UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ANTHONY VALENTI,<br><br>Plaintiffs,<br><br>-against-<br><br>HILL-ROM COMPANY, INC., and BAXTER HEALTHCARE CORPORATION,<br><br>Defendants. | : | **SANCTIONS ORDER**<br><br>3:26-CV-1402 (VDO) |

**VERNON D. OLIVER**, United States District Judge:

Plaintiff, with the assistance of attorney Matthew P. Lascelle, commenced this personal injury action in state court. Defendants subsequently removed the action to the United States District Court for the District of Connecticut by filing a notice of removal and serving that notice on Plaintiff. Since this action was removed from state court, Attorney Lascelle has failed to comply with multiple deadlines. Attorney Lascelle also has an inactive bar status and, consequently, may not practice before the United States District Court for the District of Connecticut. Despite not being in good standing, Attorney Lascelle submitted a Rule 26(f) Report in this case and negotiated a settlement.

Under Federal Rule of Civil Procedure 16(f), "the court may issue any just orders . . . if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). The Second Circuit has also emphasized that Rule 16(f) "itself requires a district court, absent special circumstances, to order the payment of reasonable expenses, including attorney's fees, incurred as a result of noncompliance." *Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 291 (2d Cir. 2021) (emphasis in original).

After providing Attorney Lascelle with an opportunity to be heard at the hearing on the 19th day of November, 2026, the Court hereby makes the following findings:

1. The Court retains jurisdiction to adjudicate the issue of sanctions. *Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 333 (2d Cir.1999) (explaining that "the imposition of sanctions is an issue collateral to and independent from the underlying case" and for that reason, "even when a district court lacks subject matter jurisdiction over an underlying action, it still possesses jurisdiction to impose sanctions arising from the underlying case").

2. Attorney Lascelle knowingly failed to obey multiple pretrial orders. ECF Nos. 16, 17, 20.

3. Special circumstances, including Attorney Lascelle's attempts to negotiate a resolution in this case, excuse the need for this Court to order the payment of reasonable expenses.

4. It would be "just" to order Attorney Lascelle to complete continuing legal education courses. Fed. R. Civ. P. 16(f).

Based on the previous findings, it is hereby **ORDERED**:

1. Attorney Lascelle shall file a notice indicating that he has an active bar status on or before **December 20, 2026**.

2. Attorney Lascelle shall file a notice with proof indicating that he completed four (4) hours of continuing legal education courses on legal ethics and/or the Federal Rules of Civil Procedure on or before **January 21, 2027**.

Failure to comply with the above deadlines absent good cause will likely result in contempt proceedings.

**SO ORDERED.**

Hartford, Connecticut
November 19, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge